**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Ervin Outz, Appellant.

Appellate Case No. 2010-176966

Appeal From Saluda County
William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2013-UP-004
Submitted December 3, 2012 – Filed January 9, 2013

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Christina J. Catoe, all of Columbia; and Solicitor Donald V. Myers, of Lexington, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Gaster*, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *State v. Wright*, 391 S.C. 436, 442, 706 S.E.2d 324, 326 (2011) ("'An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support.'" (quoting *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000))); U.S. Const. amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ."); *Wright*, 391 S.C. at 442, 706 S.E.2d at 327 ("Warrantless searches and seizures are unreasonable absent a recognized exception to the warrant requirement."); *State v. Herring*, 387 S.C. 201, 210, 692 S.E.2d 490, 495 (2009) ("A warrantless search is justified under the exigent circumstances doctrine to prevent a suspect from fleeing or where there is a risk of danger to police or others inside or outside a dwelling.").

**AFFIRMED.**[1]

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.